THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IAM NATIONAL PENSION FUND,<br><br>and<br><br>YOLANDA MONTGOMERY,<br>Executive Director of the IAM National Pension Fund<br><br>99 M St., SE, Suite 600<br>Washington, DC 20003<br><br>            Plaintiffs,<br>vs.<br><br>AMERICAN STATIONERY, LLC<br><br>100 N. Park Avenue<br>Peru, IN 46970<br><br>            Defendant. | Civil Case No. :_____ |

## COMPLAINT

Plaintiffs, IAM National Pension Fund (the "Fund"), and Yolanda Montgomery in her capacity as Executive Director of the Fund (collectively, "Plaintiffs"), bring this action against AMERICAN STATIONERY, LLC ("Defendant"), stating as follows:

### NATURE OF THE ACTION

1. This is an action under the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq*.

2. Plaintiffs seek legal and equitable relief to redress Defendant's failure to pay monthly contributions and provide records of covered employee hours worked ("remittance reports"), in violation of 29 U.S.C. §§ 1132(a)(3) and 1145.

**JURISDICTION & VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(e)(1), because the district courts of the United States have been granted exclusive jurisdiction of civil actions brought by fiduciaries under ERISA.

4. This Court has personal jurisdiction over Defendant pursuant to ERISA's nationwide service of process provision 29 U.S.C. § 1132(e)(2), because the Defendant has the requisite minimum contacts within the United States as a whole.

5. Venue is proper pursuant to 29 U.S.C § 1132(e)(2), because the Fund is administered in this District.

**PARTIES**

6. The Fund is an "employee pension benefit plan" and "pension plan" as defined by 29 U.S.C. § 1002(2)(A).

7. The Fund is a "multiemployer plan" as defined by 29 U.S.C. § 1002(37).

8. The Board of Trustees of the IAM National Pension Fund ("Trustees"), pursuant to their authority under the Fund's Amended and Restated Agreement and Declaration of Trust ("Trust Agreement"), have authorized the Fund's Executive Director, Yolanda Montgomery, to initiate litigation on the Fund's behalf, and she brings this action pursuant to such authority and solely in her capacity as fiduciary of the Fund.

9. The Fund's offices are located at 99 M Street SE, Suite 600, Washington, DC 20003.

10. Defendant is an "employer" pursuant to 29 U.S.C. § 1002(5).

11. Upon information and belief, Defendant's principal place of business is located at 100 N. Park Avenue, Peru, IN 46970.

**FACTS**

12. At all times relevant, Defendant was subject to a collective bargaining agreement ("CBA") with district and/or local lodges affiliated with the IAM Union (collectively "Union").

13. The CBA binds Defendant to the Fund's Trust Agreement, as well as any amendments and policies promulgated by the Trustees pursuant to their authority under the Trust Agreement.

14. The CBA and Trust Agreement require that the Defendant make pension contributions for eligible employees.

15. Under Article V § 4 of the Trust Agreement, "[e]mployer[s] shall be obligated to make Contributions when due…[and] [i]f the Employer fails to make such Employer Contributions when due, the Employer shall be liable for liquidated damages of 20% of the amount due and simple interest shall be paid on all amounts due at the rate of 18% per annum from the date of the delinquency until the due date payment is received."

16. Section 2 of the Fund's Policy for the Collection of Delinquent Contributions ("Contributions Policy"), promulgated by the Trustees pursuant to their authority under the Trust Agreement, requires contributions to be remitted to the Fund no later than "the twentieth (20th) day of the month following the month for which the Contributions are being paid."

17. The Contributions Policy states that "Contributions shall become delinquent if not received by the Fund on or before the last business day of the month in which Contributions are due."

18. Defendant entered into a CBA effective May 13, 2024 through May 13, 2025.

19. Defendant also entered into a CBA effective May 12, 2025 through May 13, 2028.

20. Defendant has failed to pay contributions to the Fund totaling $15,009.16 for the time periods of May 2024 through June 2024; September 2024; January 2025 through April 2025; and June 2025.

21. These unpaid contributions are delinquent under the Contributions Policy and the Trust Agreement.

22. Interest has and will continue to accrue during the pendency of this litigation on all unpaid contributions in accordance with the Trust Agreement.

23. Defendant's failure to pay monthly contributions constitutes a breach of its continuing obligations under the CBA, the Trust Agreement, and the Fund's Contributions Policy.

24. Article V § 3 of the Trust Agreement requires "employers [to] make all reports on Contributions required by the Trustees."

25. Section 3 of the Contributions Policy states that employers "shall submit a remittance report...each month...to provide information necessary for the Fund to determine Contributions owed for such month."

26. The Contributions Policy requires remittance reports to be submitted no later than "the twentieth (20th) day of the month following the month for which the Contributions are being paid."

27. Under the CBA and the Trust Agreement, Defendant is obligated to submit remittance reports to the Fund.

28. Defendant has failed to submit remittance reports for July 2025 through December 2025.

29. Failure to provide the remittance reports prevents the Fund from recording hours of work for each participant in order to calculate their vesting and benefit accrual for their pension benefits.

30. Under the Contributions Policy, if the employer fails to submit a remittance report to the Fund, "the Contribution for such month shall be deemed to be unpaid."

31. Plaintiffs have complied with all conditions precedent in bringing this action.

## COUNT I

**Failure to Pay Monthly Contributions in Violation of 29 U.S.C. §§ 1132(a)(3) & 1145**

32. Plaintiffs incorporate by reference paragraphs 1 through 31 of this Complaint as though fully set forth herein.

33. The Fund is a "multiemployer plan" as defined by 29 U.S.C. § 1002(37) and as the term is used by 29 U.S.C. § 1145.

34. Defendant is obligated to submit monthly pension contributions on behalf of covered employees to the Fund under the CBA, the Trust Agreement, and the Contributions Policy.

35. As of the date of filing, Defendant owes the Fund $15,009.16 in unpaid contributions.

36. Defendant has a continuing obligation to make monthly contributions to the Fund, and Plaintiffs intend to seek judgment in this action for any future contributions that become delinquent during the pendency of this litigation pursuant to the Trust Agreement and Contributions Policy.

37. By failing to make contributions to the Fund as required by the CBA, the Trust Agreement, and the Fund's Contributions Policy, Defendant has violated ERISA and owes the Fund $15,009.16, plus any future delinquent contributions, past and accruing interest, attorneys'

fees and costs, and an amount equal to the greater of the interest on the unpaid contributions or liquidated damages of twenty (20) percent of the amount due, in accordance with the Trust Agreement and 29 U.S.C.§ 1132(g)(2)(A–E).

## COUNT II

### Failure to Provide Remittance Reports in Violation of 29 U.S.C. §§ 1132(a)(3) & 1145

38.  Plaintiffs incorporate by reference paragraphs 1 through 37 of this Complaint as fully set forth herein.

39.  Defendant is obligated to submit remittance reports to the Fund under the CBA, the Trust Agreement, and the Fund's Contributions Policy.

40.  Defendant has failed to provide remittance reports for the months of July 2025 through December 2025.

41.  By failing to provide remittance reports to the Fund as required by the CBA, the Trust Agreement, and the Fund's Contributions Policy, Defendant has violated its obligations to the Fund under the CBA and Trust Agreement, in violation of 29 U.S.C. §§ 1132(a)(3) & 1145.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that judgment be entered in their favor and against Defendant, AMERICAN STATIONERY, LLC, as follows:

(a) Equitable Relief in the form of an Order requiring Defendant to submit all missing remittance reports to the Fund in accordance with its obligations to the Fund, and under the terms of the CBA and Trust Agreement, pursuant to 29 U.S.C. §§ 1132(a)(3) & 1145.

(b) Enter judgment for Plaintiffs for $15,009.16, plus unpaid contributions that become delinquent during the pendency of this litigation, interest, attorneys' fees and costs incurred in this action, and an amount equal to the greater of interest on the unpaid contributions or liquidated

damages of twenty percent (20%) of the amount due, as required under the Trust Agreement and 29 U.S.C. § 1132(g)(2)(A–E).

    (c)    Any other legal or equitable relief as this Court deems just and proper.

Dated: January 20, 2026

    Respectfully Submitted,

    IAM National Pension Fund and Trustees, and Yolanda Montgomery, in her capacity as Executive Director of the Fund

    By: /s/Zachary Weinberg
    Zachary Weinberg (90025171)
    Senior Litigation Counsel Contribution Compliance
    IAM National Benefit Funds
    99 M Street, SE, Suite 600
    Washington, DC 20003
    Telephone: (202)-998-8426 Ext. 241
    Fax: (202)-471-2961
    zweinberg@iamnpf.org

    Denise Clark (420480)
    General Counsel
    IAM National Benefit Funds
    99 M Street, SE, Suite 600
    Washington, DC 20003
    Telephone: (202) 785-2658 Ext. 646
    Fax: (202) 471-2961
    dclark@iamnpf.org

    *Attorneys for Plaintiffs*